IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JUSTIN DALCOLLO,** **#Y51682,** | |
| Plaintiff, | Case No. 23-cv-00828-SPM |
| v. | |
| **WARDEN,** | |
| Defendant. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Justin Dalcollo, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 821 (7th Cir. 2009).

### DISCUSSION

In the Complaint, Plaintiff presents a list of generalized grievances regarding various aspects of his confinement and treatment at Lawrence. Plaintiff claims he has been threatened by a correctional officer and other inmates. Out of fear for his safety, he stays in his cell 24-hours a day. He also asserts that he has been denied food trays, toilet paper, cleaning supplies, phone calls,

recreation, law library, a new mattress, and medical care. He states that he was forced to take hormonal medication, and he is not transgendered and did not request the medication.

Plaintiff alleges that video discovery was destroyed, he was supposed to be released at some point but "never left custody," and his attempt to file court cases regarding staff conduct and his conditions of confinement have been impeded. He states that "they are attempting to make it appear that [he is] a mental patient. This is how they attempt to cover up official misconduct." Plaintiff further claims that "they send government informants to watch [his] every move."

The Complaint does not survive preliminary review under 28 U.S.C. §1915A and will be dismissed. First, as pled, none of these allegations are sufficient to state a claim, as Plaintiff does not properly identify any individual defendants. The Complaint does not have a case caption, and Plaintiff does not provide a list of defendants. Other than stating that an unidentified correctional officer threatened him, the Complaint lacks any allegations of personal involvement by individuals regarding the constitutional violations. To meet pleading requirements, a plaintiff must make plausible allegations against individuals, and these individuals must be listed in the case caption. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Thus, Plaintiff has failed to state a claim in his Complaint.

Second, Plaintiff violates the rules of joinder by throwing all of his grievances occurring at Lawrence together in a single complaint. It appears that many of his claims involve unrelated events, facts, and legal theories, and they cannot proceed together in the same suit. *See* FED. R. CIV. P. 18-21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). A plaintiff is not permitted to treat a single federal complaint as a sort of general list of grievances. *See Mitchell v. Kallas,* 895 F.3d 492, 502–03 (7th Cir. 2018).

For these reasons, the Complaint does not survive preliminary review and is dismissed without prejudice. The Court grants Plaintiff leave to amend his Complaint. A successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the amended complaint should identify who violated Plaintiff's constitutional rights by name, if known, and should include a description of how his rights were violated. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (e.g., John Doe 1 (correctional officer working the noon shift)). Additionally, any individual Plaintiff intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint. Plaintiff is reminded that he may pursue related claims against single groups of individuals in his amended complaint.

To help Plaintiff craft a proper amended complaint, the Clerk is directed to send him a blank civil rights complaint form. It is strongly recommended that he use this form for the amended complaint.

### TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Several times throughout the Complaint, Plaintiff asks for help and states his life is in danger. To the extent he is seeking some form of emergency injunctive relief, the request is denied. Plaintiff has not filed a separate motion requesting a temporary restraining order or a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Nor does not seek relief under Rule 65 in his Complaint. It is also unclear what type of relief he seeks and whether the request is for interim or permanent injunctive relief. Finally, the Court has found that the Complaint, as currently drafted, fails to state a claim, which makes it impossible for Plaintiff to prove that he is likely to succeed on the merits, a requirement that must be shown prior to the Court issuing a temporary restraining order or a preliminary injunction.

**DISPOSITION**

For the reasons stated above, the Complaint is **DISMISSED** without prejudice for failure to state claim for relief pursuant to Section 1915A. Any request for emergency injunctive relief is **DENIED.**

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 2, 2023**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-00828-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   April 4, 2023**

       *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**