IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN DALCOLLO, #Y51682, <br><br>  Plaintiff, <br><br> v. <br><br> ANTHONY WILLS, <br> FRANK LAWRENCE, <br> JAMES MENDRICK, <br> ROBERT B. BERLIN, <br> ANTHONY SOVOBODA, <br> JENNIFER MAPELS, <br> CANDANCE ADAMS, <br> BRIAN TELANDER, <br> KENNETH POPEJOY, <br> SHAKE, <br> CANTWELL, <br> JACKLYN MCANDREW, <br> MICHAEL DINO, <br> RESTIVO, <br> COSDELL, <br> RAPP, <br> YOUNG, <br> CHARITO, <br> KENT KOUBA, <br> FRANK A. GRAMMERSE, <br> POWELL, <br> EVERRET, <br> LAMMERT, <br> LAFIN, <br> BILL WHITE, <br> THOMAS KARALIC, and <br> JAMES E. CHADD, <br><br>  Defendants. | Case No. 23-cv-000828-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Justin Dalcollo, an inmate of the Illinois Department of Corrections, filed the

instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## FIRST AMENDED COMPLAINT

Plaintiff alleges that on April 9, 2019, Anthony Sovoboda "knowingly, willfully, intentionally with malice concealed substantial facts" directly involved with case 2019CF698 and knowingly falsified testimony. (Doc. 10, p. 3). Also on April 9, 2019, Plaintiff was forced to trial on charges not legally pending, assaulted, and sodomized. He has been forced to live in a current state of slavery and is deprived of his civil liberties.

On April 12, 2019, Jennifer Mapels, Robert Berlin, Candace Adams, James Mendrick, and Bill White, along with other individuals not listed as defendants, committed the offense of slavery and human trafficking, tampered with witnesses, obstructed justice, committed bribery and extortion, and embezzled federal funds. (Doc. 1, p. 3).

While incarcerated, Plaintiff has been double celled with three officers whose purpose it is to kill him. He has been denied his asthma inhaler, his evidence was destroyed, he has been denied protective custody, he has been forced to take estrogen pills, he was denied law library access, and he has been impeded from filing grievances. (Doc. 1, p. 3-4).

## DISCUSSION

Plaintiff again has failed to state a claim for relief, as his First Amended Complaint suffers from many of the same deficiencies as the original complaint. (*See* Doc. 9). Plaintiff was previously advised that in filing an amended complaint, he must make plausible allegations against individuals. *See* Doc. 9 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 555 (2007)). He should identify who violated his rights by name and include a description of how his rights were violated. Despite these instructions, the majority of Plaintiff's claims are not asserted against any named defendant, and he does not explain where or when the alleged incidents occurred. Accordingly, his allegations regarding sexual assault, denial of access to the courts, threats of harm, and inadequate medical care are dismissed.

The only allegations in the statement of claim associated with individual defendants appear to be challenging Plaintiff's underlying conviction. To the extent Plaintiff is claiming that actions by Defendants Sovoboda, Mapels, Berlin, Adams, Mendrick, and White resulted in an unfair trial and a wrongful conviction, such claims are also dismissed. The *Heck* doctrine prohibits civil collateral attacks against criminal judgments. *Heck v. Humphrey,* 512 U.S. 477 (1994). Plaintiff cannot obtain damages under Section 1983 if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Plaintiff does not provide any information from which the Court can infer that his conviction has been overturned or invalidated. He, therefore, may not assert a Section 1983 claim challenging his trial proceedings.

For these reasons, all claims are dismissed, and the First Amended Complaint does not survive review under Section 1915A. Plaintiff has already been afforded one opportunity to amend his complaint, and despite the Court's instructions, he has again filed a complaint that includes unrelated events, facts, and legal theories and fails to state a claim against any of the listed Defendants. A review of both pleadings leaves this Court little doubt that, if given another chance to amend his complaint, Plaintiff would file a similar pleading that would be woefully inadequate to state or advance a cause of action. Therefore, the First Amended Complaint is dismissed with prejudice and without leave to amend.

**MOTION FOR COPIES**

Plaintiff requests copies of motions he has filed in order to ensure that the Court has received them. (Doc. 11). The motion is **DENIED.** As a general rule, the Clerk of Court will only mail paper copies of documents upon prepayment of the required fee of $0.50 per page. *See* 28 U.S.C. §1914(b). If Plaintiff desires copies of any of the pleadings in this civil case, he may file another motion for copies of the documents by title and document number, along with prepayment of the $0.50 per page copying fee. The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet.

**MOTIONS FOR EMERGENCY INJUNCTIVE RELIEF**

Since filing the First Amended Complaint on May 10, 2023, Plaintiff has filed six motions seeking various forms of emergency injunctive relief. (Doc. 12-17). In the first motion for preliminary injunction, Plaintiff seeks to be released from custody on work release, to a halfway house, or on a monitoring system, or in the alternative, transferred to a minimum-security prison. (Doc. 12). The second motion is titled "motion requesting emergency injunctive relief," and Plaintiff requests Court intervention regarding water and heat that have been "cut-off" from his cell. (Doc. 13). The third motion is titled "Habeas Corpus-Ad-Testificandum," and Plaintiff states that he would like to present evidence "of the use of poison to commit murder against [him] to silence the truth." (Doc. 14). In the fourth motion, Plaintiff alleges that "they" are trying to set him up and send drugs in his name. He also states that one night his cellmate sexually assaulted him. (Doc. 15). In the fifth motion, Plaintiff seeks medical attention. (Doc. 16). He believes he has contracted a sexually transmitted infection from another inmate. In the last motion, Plaintiff states he has been denied phone access, and he requests a subpoena so that he can prove his calls are being re-routed to another number prior to his calls going through. (Doc. 17).

In order to obtain emergency injunctive relief, Plaintiff must demonstrate that: (1) his

underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). Additionally, injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying suit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Daniels v. Dumsdorff,* No. 19-cv-00394-NJR, 2019 WL 3322344 at *1 (S.D. Ill., July 24, 2019).

The Court has found that the First Amended Complaint fails to state a claim for relief, which makes it impossible for Plaintiff to prove that he is likely to succeed on the merits of his claims. Further, the Court is not clear on the relationship between the Defendants named in the First Amended Complaint, and the claimed injuries for which he seeks emergency injunctive relief in the pending motions. A court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation." *Bird v. Barr*, No. 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020). Because Plaintiff has failed to demonstrate a likelihood of success on the merits of his claims and failed to establish a connection between the injunctive relief requested and the allegations in the First Amended Complaint, the requests for emergency injunctive relief are **DENIED.** (Doc. 12, 13, 14, 15, 16, 17).

Finally, the motion to supplement the Court record with additional exhibits is also **DENIED.** (Doc. 20). This case will be dismissed with prejudice, and there is no need to supplement the record.

## DISPOSITION

As stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. All pending motions are

**DENIED.** (Doc. 11-17, 20). The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the docket sheet.

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 17, 2023**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**