IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JUSTIN DALCOLLO,** **#Y51682,** | |
| Plaintiff, | Case No. 23-cv-00828-SPM |
| v. | |
| **ANTHONY WILLS,** *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to alter or amend the judgment filed by Plaintiff Dalcollo. (Doc. 23). For the following reasons, the motion is denied.

### BACKGROUND

Plaintiff, an inmate of the Illinois Department of Corrections, initiated this civil action by filing a complaint on March 9, 2023. (Doc. 1). The Court reviewed the Complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff had failed to state a claim for relief. (Doc. 9). The Court observed that the Complaint was a generalized list of grievances regarding various aspects of Plaintiff's confinement at Lawrence Correctional Center ("Lawrence") and that Plaintiff had not properly identify any individual defendants. The Court also noted that the Complaint appeared to violate the rules of joinder by including all of Plaintiff's alleged violations that occurred at Lawrence into a single complaint. The Court dismissed the Complaint without prejudice and granted Plaintiff leave to amend. Plaintiff was given instructions on how to plead a successful claim in accordance with Federal Rule of Civil Procedure 8. Specifically, Plaintiff was advised that generally a successful complaint alleges the who, what, when, where, and how and should

include descriptions of how individuals violated his rights. (*Id.* at p. 3). Finally, to the extent Plaintiff was seeking emergency injunctive relief in the Complaint, the requests were denied.

Plaintiff then filed a First Amended Complaint and several motions – a motion for copies, a motion for preliminary injunction, a motion for emergency injunctive relief, a motion for writ of habeas corpus, a motion for temporary restraining order, a motion requesting medical attention, a motion to inform the Court, and two supplements. (Doc. 10-18, 20).

The Court again found that the First Amended Complaint failed to state a claim. (Doc. 21). Plaintiff's claims regarding unlawful treatment while incarcerated were not asserted against any named defendants, and he did not explain where or when the alleged constitutional violations occurred. The only allegations that were associated with individual defendants appeared to be challenging his underlying criminal conviction. The Court dismissed these claims as barred under *Heck v. Humphrey,* 512 U.S. 477 (1994), as Plaintiff had not pled or provided information from which the Court could infer that his conviction had been overturned. Accordingly, the First Amended Complaint was dismissed. The Court found that allowing Plaintiff additional opportunities to amend would be futile, and so, the First Amended Complaint and this entire case were dismissed with prejudice. The Clerk entered judgment, and this case was closed on May 17, 2023.

Plaintiff then filed a motion to alter or amended judgment, a motion to certify class, a motion for leave to file a second amended complaint, and a motion to admit additional exhibits. (Doc. 23-30). Before the Court could rule on the pending motions, Plaintiff filed a notice of appeal on June 15, 2023. (Doc. 26).

## MOTION TO ALTER OR AMEND JUDGMENT

Because Plaintiff has filed a notice of appeal, there are jurisdictional concerns that must be resolved before the Court can address the merits of any of the pending motions. Generally, an

appeal divests a district court of jurisdiction over the case. *See United States v. Woodard*, 744 F.3d 488, 495 (7th Cir. 2014) ("There is a general rule that an appeal suspends the power of the court below to proceed further in the cause."). But the Federal Rules of Appellate Procedure provide for exceptions to this rule when a party prematurely files a notice of appeal after the district court has entered judgment, but before the court has acted on a timely post-judgment motion under Federal Rules of Civil Procedure 50(b), 52(b), 54, 59, or 60. *See* FED. R. APP. P. 4(a)(4)(B)(i). In this event, the notice of appeal is effectively suspended until the district court disposes of the motion. *See Id.* Consequently, the Court finds that it has jurisdiction to decide the motion to alter or amend the judgment despite Plaintiff's notice of appeal.

Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Plaintiff's main argument is that he has newly discovered evidence that will provide proof of his claims as to the prison conditions he is experiencing. Plaintiff states that the Court has not previously received these exhibits because his ability to seek relief through the grievance process and the courts is being impeded. A few days after Plaintiff filed the motion to alter or amend the judgment, Plaintiff filed a motion to admit additional exhibits that includes over a hundred pages of documents. (Doc. 30).

The Court finds that the newly discovered evidence referenced by Plaintiff is not grounds for altering or amending the judgment. Even assuming that Plaintiff was prevented in some way from previously filing exhibits with the Court,[1] exhibits are not required under the Federal Rules of Civil Procedure when filing a complaint and generally are not necessary at the pleading stage. Neither is Plaintiff required to "prove" his claims as he asserts. The Court did not dismiss the

---

[1] The Court notes that despite Plaintiff claiming that his "documents are not being sent to the courts at all," this Court has received two complaints, a notice of change of address, thirteen motions, and two supplements since March 9, 2023.

Complaint, the First Amended Complaint, and this entire case because of a lack of proof but because Plaintiff's allegations themselves were insufficient to allow the Court to reasonably infer that the named defendants were liable for the misconduct alleged. *See* FED. R. CIV. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). After failing a second time to state a claim, the Court found that allowing Plaintiff further attempts to amend would be futile. Thus, newly discovered evidence does not have any impact on the Court's judgment in this case. The motion to alter or amend the judgment is denied. (Doc. 23).

The motion to certify class, the motion for leave to file second amended complaint, and the motion to admit additional exhibits are denied as moot. (Doc. 24, 25, 30).

## DISPOSITION

For the reasons stated above, the motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) is **DENIED.** (Doc. 23). The motion to certify class, motion for leave to file second amended complaint, and motion to admit additional exhibits are **DENIED as moot.** (Doc. 24, 25, 30).

**IT IS SO ORDERED.**

**DATED:   June 26, 2023**

                                             _s/Stephen P. McGlynn_
                                             **STEPHEN P. MCGLYNN**
                                             **United States District Judge**